UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MYKA B. TALLEY                                                              PLAINTIFF
ADC #144315

V.                          No. 2:18CV00133-JM-JTR

McDANIEL, Nurse, EARU; *et al.*                                           DEFENDANTS

# ORDER

Plaintiff Myka B. Talley ("Talley") is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. Before Talley may proceed with this case, the Court must screen his allegations.[1] *Docs. 2 & 6.*[2]

Talley alleges that, after his left ankle was fractured on June 1, 2018: (1) Defendants Nurses Cook and McDaniel provided inadequate medical care for his

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] The Court has construed Talley's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

injury; and (2) Defendants Kirkwood, Rechcigl and Kimble were aware that Talley was receiving inadequate and delayed medical care for his injury, but failed to take corrective action or otherwise ensure that his medical needs were met.

The Court concludes, *for screening purposes only*, that Talley has pled viable § 1983 inadequate medical care claims against Defendants McDaniel and Cook, and viable § 1983 corrective inaction claims against Defendants Kirkwood, Rechcigl and Kimble. Thus, service will be ordered on all Defendants.

IT IS THEREFORE ORDERED THAT the Clerk is directed to prepare a summons for Defendants Nurse McDaniel, Nurse Cook, Nurse Kirkwood, Health Services Administrator Greg Rechcigl, and Assistant Health Services Administrator Kimble. The United States Marshal is directed to serve the summons, Complaint and Amended Complaint (*Docs. 2 & 6),* and this Order, on these Defendants through the Humphries, Odum & Eubanks law firm without prepayment of fees and costs or security therefor.[3]

DATED this 11th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] If any Defendant is no longer a CCS employee, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.